CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS 2017 NOV -7 PM 3: 02
LUBBOCK DIVISION

DEPUTY CLERK

BOBBY E. BURTON, )
)
Petitioner, )
)
v. )    CIVIL ACTION NO.
)    5:17-CV-178-M-BQ
DAVID VACELL, )
)
Respondent. )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

### I.    Background

Petitioner Bobby E. Burton, appearing pro se, filed his Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("the Petition") on August 1, 2017. Under Special Order No. 3-251, this case was automatically referred to the undersigned United States Magistrate Judge for findings, conclusions, and recommendation. Burton submitted the form promulgated by this Court; however, he left most of the fields completely blank and asked the Clerk to fill them in for him. At the time of filing, Burton was incarcerated in the James V. Allred Unit of the Texas Department of Criminal Justice (TDCJ), located in Iowa Park, Texas.

On August 3, 2017, the Court entered a deficiency order finding that the Petition failed to satisfy applicable pleading requirements and ordering Burton to file an Amended Petition within thirty (30) days. ECF No. 5. The Court admonished Burton that his failure to comply with the Deficiency Order could result in the dismissal of his case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Burton did not respond to the August 3 Order.

On September 18, 2017, the Court entered a Deficiency Show Cause Order, again instructing Burton to file an Amended Petition and ordering him to show cause why his Petition

1

should not be dismissed for want of prosecution. ECF No. 6. The Court admonished Burton for a second time that his failure to respond would result in the dismissal of his Petition for want of prosecution. Burton has not responded to the September 18 Order. The magistrate judge makes the following proposed findings of fact, conclusions of law, and recommendation under 28 U.S.C. § 636(b)(1).

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 629–30).

Burton has refused to inform the Court of even the most basic tenets of his request for habeas relief. The Petition does not identify the conviction or sentence which holds Burton in custody. Indeed, it is unclear whether Burton seeks relief from a conviction, disciplinary action, parole decision, or some other fact of his confinement. Not only has Burton failed to identify the relief he seeks, he has failed to offer any grounds upon which relief could be granted.

The Court's ability to further review the case is wholly thwarted by Burton's refusal to provide necessary information. More than three months have passed since Burton's last contact with the Court. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

### III.    **Recommendation**

It is recommended that this case be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) due to Burton's failure to respond to the August 3 and September 18 Orders. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (dismissal of pro se complaint for want of prosecution was not an abuse of discretion where the court repeatedly warned plaintiff that his failure to comply with a court order might result in dismissal and gave plaintiff adequate time to comply).

### IV.    **Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November **7**, 2017

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**